UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE VELEZ,<br><br>        Plaintiff,<br><br>v.<br><br>IL FORNAIO (AMERICA)<br>CORPORATION and TARTINE, INC.,<br><br>        Defendants. | Case No.: 18-CV-1840-CAB-MDD<br><br>**ORDER DENYING MOTION TO SET ASIDE JUDGMENT**<br><br>[Doc. No. 38] |

On February 22, 2019, the Court granted Defendants' motion to dismiss Plaintiff's second amended complaint ("SAC"), and the Clerk entered judgment in favor Defendants on the same day. Plaintiff now moves to set aside the judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) and (6)[1] on the grounds that, according to Plaintiff, the Court mistakenly or because of inadvertence failed to consider all of the allegations in the SAC. The motion is effectively a motion for reconsideration of the Court's order granting Defendants' motion to dismiss. The motion is denied.

In his motion, Plaintiff simply restates the arguments he made in opposition to the motion to dismiss. The Court, however, considered the entirety of the SAC before reaching

---

[1] The motion also mentions Federal Rule of Civil Procedure 59 which concerns motions for new trial or to amend a judgment. It does not, however, explain why this rule is relevant here or make any unique arguments for reconsideration based on this rule.

the conclusions stated in its order granting Defendants' motion.  Unsurprisingly, Plaintiff is unhappy with the Court's ruling, but his inability to convince the Court the first time around does not entitle him to a second bite at the apple under Rule 60(b)(1).  Nor does it constitute another reason justifying relief pursuant to Rule 60(b)(6).  By merely rearguing his position that the SAC states a claim or that he could amend his complaint a third time to state a claim, Plaintiff has not offered any grounds for reconsidering the Court's order on the motion to dismiss.  *See Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001) ("Because North American and Federal simply reargued their case . . . the district court did not abuse its discretion in denying the motion.").

Ultimately, the Court echoes the following sentiment expressed by another district judge that motions for reconsideration should not be used merely as an intermediate "appeal" before taking a disputed ruling to the Ninth Circuit:

> The Court cannot emphasize strongly enough that the Rules allowing for motions for reconsideration are not intended to provide litigants with a second bite at the apple. Rather, reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  In an adversarial system such as ours, more often than not one party will win and one will lose.  Generally, it follows that the losing party will be unhappy with the Court's decision.  Rarely does the losing party believe that its position lacked merit, or that the Court was correct in ruling against it.  Rather than either accept the Court's ruling or appeal it, it seems to have instead become *de rigueur* to file a motion for reconsideration. The vast majority of these motions represent a simple rehash of the arguments already made, although now rewritten as though the Court was the opposing party and its Order the brief to be opposed.  It is easy for each litigant to consider only his or her own motion, and the seemingly manifest injustice that has been done to them.  But the cumulative effect is one of abuse of the system and a drain on judicial resources that could be better used to address matters that have not yet been before the Court once, let alone twice.

> This is not to say that a motion for reconsideration is never well-taken.  A litigant should not shy from bringing to the Court's attention changes in facts and circumstances that render a ruling no longer logical, an intervening change in controlling authority, or other critical matters that the Rules provide should be brought to the Court's attention in this way.  On this basis, motions

for reconsideration should be few, far between, and narrowly focused. When this is the case, the Rules work as they were intended, and the Court can focus on the business of justice.

*Strobel v. Morgan Stanley Dean Witter*, No. 04CV1069 BEN(BLM), 2007 WL 1053454, at *3–4 (S.D. Cal. Apr. 10, 2007). Plaintiff's motion does not meet the description in the second paragraph of the above block quote. The Court considered the entirety of the SAC as well as all of the arguments Plaintiff reiterates in his motion when it granted Defendants' motion to dismiss and is not persuaded that its order dismissing the SAC was incorrect. Accordingly, Plaintiff's motion is **DENIED**.

It is **SO ORDERED**.

Dated: March 19, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge