UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE VELEZ,<br><br>                              Plaintiff,<br><br>v.<br><br>IL FORNAIO (AMERICA) CORPORATION, DOES 1–100,<br><br>                              Defendants. | Case No.: 18-CV-1840 TWR (MDD)<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL, (2) DENYING DEFENDANT'S MOTION FOR INVOLUNTARY DISMISSAL, AND (3) DISMISSING ACTION WITHOUT PREJUDICE**<br><br>(ECF Nos. 73, 76) |

Presently before the Court are the Motion to Dismiss for Failure to Prosecute FRCP 41(b) filed by Defendant Il Fornaio (America) Corporation ("Il Fornaio") ("Def.'s Mot.," ECF No. 73) and Plaintiff Jose Velez's Motion for Voluntary Dismissal ("Pl.'s Mot.," ECF No. 76) (with Defendant's Motion, the "Motions"), as well as Il Fornaio's Response in Opposition to ("Opp'n," ECF No. 78) Plaintiff's Motion. The Court concludes that the Motions are appropriate for determination on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having carefully considered the Motions, the Parties' arguments, and the law, the Court **GRANTS** Plaintiff's Motion, **DENIES** Defendant's Motion, and **DISMISSES WITHOUT PREJUDICE** this action in its entirety.

# BACKGROUND

Plaintiff filed this action on August 7, 2018, alleging causes of action for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and Unruh Civil Rights Act (the "Unruh Act"), Cal. Civ. Code §§ 51 *et seq.*, against three defendants, including Il Fornaio. (*See generally* ECF No. 1.) All three defendants filed answers to Plaintiff's original Complaint. (*See generally* ECF Nos. 3–5.)

On October 3, 2018, Plaintiff filed a First Amended Complaint, (*see generally* ECF No. 7), which Defendant Tacos El Gordo de Tijuana B.C., Inc. answered, (*see generally* ECF No. 9), but which Defendants Il Fornaio and Tartine, Inc. moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See generally* ECF Nos. 10–13.) Following settlement, Plaintiff voluntarily dismissed Defendant Tacos El Gordo on November 20, 2018. (*See generally* ECF Nos. 25–26.) On December 10, 2018, the Honorable Cathy Ann Bencivengo granted Defendants Il Fornaio and Tartine's motions to dismiss. (*See generally* ECF No. 27.)

Plaintiff filed a Second Amended Complaint against Defendants Il Fornaio and Tartine on December 17, 2018, (*see generally* ECF No. 28), which Defendants again moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on January 11, 2019. (*See generally* ECF No. 29.) On February 22, 2019, Judge Bencivengo dismissed with prejudice Plaintiff's Second Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of Article III and statutory standing. (*See generally* ECF No. 32.)

Plaintiff appealed Judge Bencivengo's dismissal on March 26, 2019. (*See generally* ECF No. 43.) On June 11, 2020, the Ninth Circuit reversed and remanded, concluding that Plaintiff had "sufficiently allege[d] Article III standing," *Velez v. Il Fornaio (Am.) Corp.*, 808 Fed. App'x 581, 582 (9th Cir. 2020) (citing *Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Tr.*, 867 F.3d 1098, 1102 (9th Cir. 2017)), and that Plaintiff "also sufficiently [had] allege[d] statutory standing under the ADA." *Id.* (citing *Weaving v. City of Hillsboro*, 763 F.3d 1106, 1111 (9th Cir. 2014)).

On August 14, 2020, following remand from the Ninth Circuit, (*see generally* ECF No. 56), Judge Bencivengo granted Plaintiff leave to file his operative Third Amended Complaint, which asserts causes of action for violation of the ADA and Unruh Act against Defendant Il Fornaio only. (*See generally* ECF Nos. 53–54.) Il Fornaio filed a motion to dismiss for lack of standing on August 28, 2020, (*see generally* ECF No. 58), and this action was transferred to the undersigned on September 23, 2020. (*See generally* ECF No. 63.) The undersigned denied Il Fornaio's motion on March 5, 2021, concluding that it was unable to resolve a factual dispute concerning Plaintiff's standing because the issue was substantially intertwined with the merits of Plaintiff's claims. (*See generally* ECF No. 64.)

After the Court granted Plaintiff leave to file documents in this case electronically on April 22, 2021, (*see* ECF No. 71), Plaintiff failed to appear at a telephonic status conference before Magistrate Judge Mitchell D. Dembin on April 30, 2021. (*See* ECF No. 72.) Accordingly, Magistrate Judge Dembin permitted Il Fornaio to file a motion to dismiss, (*see id.*); Defendant's Motion followed on May 3, 2021. (*See generally* ECF No. 73.) The Court accepted Plaintiff's Motion on discrepancy, (*see generally* ECF Nos. 75, 76), and issued a briefing schedule. (*See* ECF No. 77.) Il Fornaio timely opposed, (*see* ECF No. 78), and Plaintiff declined to file a reply.

## LEGAL STANDARD

Dismissal under Federal Rule of Civil Procedure 41 may be voluntary or involuntary. Involuntary dismissal is appropriate "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order," and generally "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). On the other hand, if the defendants have filed an answer and do not stipulate to the dismissal, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. Proc. 41(a)(2). "Unless the order states otherwise, a dismissal under this paragraph . . . is without prejudice." *Id.* "A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996) (citation omitted). Although Rule 42(a)(2) states that a silent order is

without prejudice, "[t]hat broad grant of discretion [in Rule 41(a)(2)] does not contain a preference for one kind of dismissal or another." *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002).

"When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Westlands*, 100 F.3d at 96 (citations omitted); *see also Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) ("A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result.") (citations omitted); *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) ("The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal."). "'[L]egal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.'" *Smith*, 263 F.3d at 976 (quoting *Westlands*, 100 F.3d at 97). When determining whether legal prejudice exists, "the cases focus on the rights and defenses available to a defendant in future litigation." *Westlands*, 100 F.3d at 97 (citation omitted). "For example, in determining what will amount to legal prejudice, courts have examined whether a dismissal without prejudice would result in the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense." *Id.* (citations omitted). "'[U]ncertainty because a dispute remains unresolved' or because 'the threat of future litigation . . . causes uncertainty' does not result in plain legal prejudice." *Smith*, 263 F.3d at 976 (quoting *Westlands*, 100 F.3d at 96–97). "Also, plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Id.* (citing *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982)).

/ / /
/ / /
/ / /
/ / /

## ANALYSIS

Il Fornaio requests that the Court dismiss this action with prejudice for failure to prosecute under Rule 42(b), (*see* Def.'s Mot. at 15[1]), while Plaintiff requests voluntary dismissal without prejudice pursuant to Rule 42(a)(2). (*See* Pl.'s Mot. at 1–2.) Il Fornaio opposes Plaintiff's Motion on the grounds that it will be prejudiced if it is not permitted to file a motion for partial summary judgment so that it may ascertain "whether [Plaintiff] is the man depicted in the video" that undermines his ADA claims. (*See* Opp'n at 8–9.)

The Court understands the frustration of Il Fornaio's counsel, Ara Sahelian, who has litigated a number of cases involving Plaintiff, (*see id.* at 6, 9–10), and has even been sued by Plaintiff for alleged defamation. (*See id.* at 10.) Plaintiff, however, has judicially admitted that he lacks Article III standing to pursue this action. (*See* Pl's Mot. at 1–2 ("Given the COVID-19 situation, Plaintiff has no intention of returning to the public accommodation in question in the near future and has no intention of patronizing the public accommodation(s) at this time." (citing *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 950 (9th Cir. 2011))).) Because Plaintiff lacks Article III standing, the Court does not have subject-matter jurisdiction and must dismiss this action. *See Chapman*, 631 F.3d at 955 (reversing district court's grant of summary judgment because the ADA plaintiff did not have standing (citing Fed. R. Civ. P. 12(b)(1); *United States v. Hays*, 515 U.S. 737, 747 (1995))); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The question, therefore, is whether the dismissal should be with or without prejudice. While Mr. Sahelian may be able to show that he and future defendants may be prejudiced by the dismissal of this action and resultant inability to obtain confirmation that Plaintiff is not be as disabled as he claims, (*see* Opp'n at 4–10), there is no indication that *Il Fornaio* itself will suffer plain legal prejudice. Indeed, dismissal is to Il Fornaio's benefit because it will obtain dismissal without paying damages or a settlement to Plaintiff. In any event,

---

[1] Pin citations to Il Fornaio's filings refer to the CM/ECF pagination.

"the expense incurred in defending against a lawsuit does not amount to legal prejudice," *Westlands*, 100 F.3d at 97 (citing *Hamilton*, 679 F.2d at 146), and "'uncertainty because a dispute remains unresolved' or because 'the threat of future litigation . . . causes uncertainty' does not result in plain legal prejudice." *Smith*, 263 F.3d at 976 (quoting *Westlands*, 100 F.3d at 96–97). The Court therefore concludes that dismissal without prejudice is warranted.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion (ECF No. 76), **DENIES** Defendant's Motion (ECF No. 73), and **DISMISSES WITHOUT PREJUDICE** this action in its entirety, with each Party to bear its own fees and costs.[2] Accordingly, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  October 21, 2021

Honorable Todd W. Robinson
United States District Court

---

[2] Although a prevailing party under the ADA may recover its reasonable attorneys' fees, expenses, and costs, *see* 42 U.S.C. § 12205, conditioning a voluntary dismissal on payment of the defendants' attorneys' fees "should only be . . . for work which cannot be used in any future litigation of these claims." *Westlands*, 100 F.3d at 97 (citing *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993); *Davis v. USX Corp.*, 819 F.2d 1270, 1276 (4th Cir. 1987)). Because the Court has determined that dismissal without prejudice is appropriate, the Court cannot say that Il Fornaio's legal expenses cannot be used in any future litigation of these claims. Accordingly, the Court is unable to award Il Fornaio its fees and costs.